IN THE UNITED STATES DISTRICTCOURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN M. THOMAS,

    Plaintiff,

v.                                                 Civil Action No. 5:12cv32
                                                 Judge Bailey

KUMA DEBOO, Warden; DANE
HEADY; and EDDIE ANDERSON,

    Defendants.

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this case on February 29, 2012 by filing a civil rights complaint[1] against the above-named defendants, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. On March 8, 2012, the plaintiff was granted permission to proceed *in forma pauperis*. The plaintiff paid his initial partial filing fee on March 19, 2012.

On March 28, 2012, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Summonses were issued that same day.[2] On May 17, 2012, the defendants filed a Motion for Consolidated Response date, which was granted by Order entered May 21, 2012.

---

[1] Plaintiff initially filed a complaint in the form of a letter addressed to "Dear Sir or Madam" at the District Court. After being advised to file his complaint on a court-approved form, plaintiff did so on March 6, 2012.

[2] On April 2, 2012, an Amended Order to Answer was issued and summonses were re-issued. After attempting unsuccessfully to serve defendant Heady, identified by plaintiff as "Richard Heady," the U.S. Marshals were advised that there was no such person by that name at FCI Gilmer or within the BOP, but that there was a Dane Heady who

1

On July 9, 2012, the defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. A Roseboro Notice was issued on July 10, 2012. Plaintiff did not file a response. Accordingly, this case is before the undersigned for a report and recommendation on the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

## II. The Complaint

At all times relevant to this complaint, the plaintiff was a federal prisoner incarcerated at FCI Gilmer, which is located in Glenville, West Virginia.[3] The plaintiff's complaint alleges that because he had been the victim of an assault and had received death threats, from February 7, 2012 forward, the defendant forced him to live permanently in the Special Housing Unit ("SHU"), without access to recreation. He contends that he was advised that he would have to remain housed in the SHU until his release. Further, he alleges that defendant Heady violated his rights by interfering with his administrative remedies. Finally, he alleges he suffers from excruciating pain because he has a large inguinal hernia, that has caused his right testicle to enlarge to the size of his fist. He contends that the even though the prison's physician assistant has advised him that the hernia is "life threatening," because he has such a short sentence, the BOP will not provide him a surgical repair to correct the problem.

For relief, the plaintiff seeks transfer to another facility to complete his sentence; surgical repair of his hernia; and compensation for mental anguish.

## III. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment

In support of their Motions, the defendants allege that:

---

was a Unit Manager at FCI Gilmer. Accordingly, on April 23, 2012, a summons was re-issued and defendant Heady was served.

[3] The BOP's "Inmate Locator" advises that the plaintiff was released from prison on August 8, 2012. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=05268-087&x=51&y=17

2

1. The plaintiff failed to exhaust his administrative remedies;

2. plaintiff has failed to state a claim upon which relief can be granted; and

3. the defendants are entitled to qualified immunity; and

The plaintiff did not file a response to the defendants' motions.

## V. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than

labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a

determination of whether genuine issues of triable fact exist. Anderson v. liberty lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## VI. Analysis

**A.  Exhaustion of Aministrative Remedies**

Plaintiff alleges that defendant Heady "violated his rights" by interfering with his administrative remedies regarding his repeated requests for medical care. Plaintiff alleges that he filed a BP-8 and a BP-9 "on the medical issue" and never received a response to the BP-9. (Dkt.# 5 at 6). He concedes that he did not exhaust his administrative remedies, but contends that because he did not receive the BP-9 response, he "could not pursue it further." (Id.). He offers no explanation as to his failure to administratively exhaust his other claims.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[4] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons;" (2) to "afford corrections officials time and opportunity to address complaints internally before

---

[4] Id.

allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."  Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion."  Woodford, 548 U.S. at 92-94 (emphasis added).  Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system.  Id. at 101-102.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results.  See 28 C.F.R. § 542.10, et seq.  This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated.  If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located.  (For inmates confined at FCI-Hazelton or FCI-Morgantown, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.)  If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal.  An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In this case, the plaintiff claims he filed a BP-8 and a BP-9 regarding the denial of medical care,[5] although he provided copies of neither.  The plaintiff's medical records indicate that he did file a BP-8, an informal grievance, about his medical care in early January 2012 and he was immediately seen in Health Services as a result.  (Dkt.# 38-2 at 24).  However, the defendants argue that the BOP's records indicate that the plaintiff never filed any formal

---

[5] In addition to the plaintiff's medical records being devoid of any documentation regarding "repeated requests" for medical care that were ignored, defendant Heady's signed Declaration indicates that "[a]s a Unit manager, my responsibilities do not typically include processing administrative remedies.  These duties are typically done by a Correctional Counselor."  (Dkt.# 37-2 at 1).

administrative remedies during his time at FCI-Gilmer.[6] (Declaration of Sarah Lilly, Legal Asistant for the Beckley Consolidated Legal Center, Dkt.# 37-3 at 1). Even if plaintiff did not receive a response to his BP-9, a lack of a response within the time period is construed as a denial and he is not precluded from, and indeed, is required to proceed to the next grievance level. Thus, it is clear from the record that plaintiff did not fully and properly exhaust his claim that the defendants failed to respond to his requests for medical care for his hernia. Further, it is apparent from the record that plaintiff never even initiated the grievance process with regard to his other claims. For that reason, the defendants' motion to dismiss or for summary judgment should be granted and this case dismissed with prejudice[7] from the active docket of this court. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").[8]

Moreover, even if the plaintiff had fully exhausted, because he has been released from prison, his claims, even if they had merit,[9] are now moot. A federal court lacks authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (*quoting* Mills v. Green, 159 U.S. 651, 653

---

[6] The defendants filed their response on July 9, 2012. If the plaintiff filed any formal grievance after that date, it would not have been included in this review. However, even if the plaintiff has since done so, it is indisputable that he had failed to exhaust his administrative remedies on this issue before the complaint was filed, and the same should therefore be dismissed.

[7] Dismissal with prejudice is appropriate because the plaintiff is now procedurally barred from raising his failure to protect claim in the administrative remedy process. See 28 C.F.R. 542.14(a) (a prisoner has 20 calendar days following the date on which the incident occurred, to file a formal administrative remedy).

[8] Because the plaintiff's claims are not exhausted, this court is otherwise without jurisdiction to consider the merits of the plaintiff's claim. Thus, the undersigned will not consider the additional arguments made by the defendants in their motion.

[9] The record has been carefully reviewed and there is no merit to plaintiff's deliberate indifference to serious medical issues claim or his conditions of confinement claim.

(1895). A case becomes moot when the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (*quoting* United States Parole Comm'n v. Geraghty, 445 U.S. 333, 396 (1980). Where an inmate seeks injunctive relief from an allegedly unconstitutional prison condition, the prisoner's subsequent transfer from that prison renders the claim moot.[10]

## VII. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt.# 36) be **GRANTED;** and the plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by October 16, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the United States District Court. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as

---

[10] However, a prisoner's subsequent transfer from a complained-of prison, while it moots a request for declaratory and injunctive relief, it does not moot a request for money damages. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) *quoting* Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986). Moreover, even in the absence of a showing of actual injury, a prisoner would still be entitled to nominal damages upon proof of a constitutional violation. Gray v. Spillman, 925 F.2d 90, 93 – 94 (4th Cir. 1991).

reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 2, 2012

                                                  /s/ James E. Seibert
                                                  JAMES E. SEIBERT
                                                  UNITED STATES MAGISTRATE JUDGE